**UNITED STATES of America,**
**Appellee,**

v.

**Antonio MEJIA–ZAPATA, also known as: Leon Zapata, Anthony Megia, Anthony Mejia, Defendant–Appellant.**

**No. 08–2471–cr.**

United States Court of Appeals, Second Circuit.

June 11, 2009.

David A. Lewis, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for appellant.

Jack Dennehy, Assistant United States Attorney, (Emily Berger, Assistant United States Attorney, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for appellee.

Present: Hon. ROGER J. MINER, Hon. RICHARD C. WESLEY, Circuit Judges and Hon. TIMOTHY C.

STANCEU,[*] Judge.

## SUMMARY ORDER

Defendant-appellant Antonio Mejia–Zapata appeals from a judgment entered on May 9, 2008, in the United States District Court for the Eastern District of New York (Irizarry, *J.*), convicting him, upon his plea of guilty, of one count of illegally reentering the United States after being removed following his conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and sentencing him to a term of incarceration of 46 months, three years of supervised release, and a $100 special assessment. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

On appeal, Mejia–Zapata claims that the sentence imposed is procedurally unreasonable because the district court erroneously rejected his argument for a lower sentence due to the lack of a fast-track sentencing deduction in this district.[1] Specifically, he argues that the United States Supreme Court in *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), contemplated that district courts would compare fast-track and non-fast-track sentences to determine whether the latter are greater than necessary under 18 U.S.C. § 3553(a). However, this argument must fail in light of this Court's post-*Kimbrough* decision in *United States v. Hendry*, 522 F.3d 239, 241–42 (2d Cir.2008) (per curiam), in which we held that the very arguments Mejia–Zapata makes are foreclosed by this Court's decision in *United States v. Mejia*, 461 F.3d 158 (2d Cir.2006). *Hendry*, 522 F.3d at 241–42. As is relevant in this case, this Court held in *Hendry* that "defendants in fast-track districts [are] not similarly situated to those in non-fast-track districts," and, therefore, "sentences in fast-track districts cannot be compared with sentences in non-fast-track districts in order to demonstrate that the latter are longer than necessary." *Id.* at 242 (rejecting the "false equivalence between (on the one hand) defendants in fast-track jurisdictions who receive a benefit in exchange for the acceptance of certain detriments, and (on the other hand) a defendant ... who claims the benefit without suffering the detriment" (citing *Mejia*, 461 F.3d at 162)). Here, after carefully considering all relevant factors, the district court expressly found Mejia–Zapata not similarly situated to defendants in fast-track districts and therefore not entitled to a downward departure on the basis of the disparity between fast-track and non-fast-track districts. This was not error.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.

---

[*] The Honorable Timothy C. Stanceu, United States Court of International Trade, sitting by designation.

1. Fast-track programs allow defendants charged with illegal reentry under 8 U.S.C. § 1326 to plead guilty and waive certain rights, including the rights to file pretrial motions and to appeal or collaterally attack their sentences, in exchange for a lower sentence. *See United States v. Mejia*, 461 F.3d 158, 160–61 (2d Cir.2006). No district in the Second Circuit has adopted a fast-track program.